**HUI ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–6282–ag.

United States Court of Appeals, Second Circuit.

Jan. 18, 2007.

Alexander Kwok–Ho Yu, New York, New York, for Petitioners.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Jo Ann M. Navickas, Daniel S. Silver, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Hui Zheng, a native and citizen of the People's Republic of China, seeks review of an October 28, 2005 order of the BIA affirming the May 25, 2005 decision of Immigration Judge ("IJ") Steve Abrams denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Zheng*, No. A97 518 076 (B.I.A. Oct. 28, 2005), *aff'g* No. A97 518 076 (Immig.Ct.Jamaica, n. 4. May 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and affirms the IJ's decision, emphasizing certain aspects but without expressly addressing each of the grounds, we review both decisions, or more precisely, "the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005); *see also Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). Questions of law, and application of law to fact, are reviewed *de novo. See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We decline to consider Zheng's argument that the IJ failed to establish her removability by clear and convincing evidence, when he took the pleadings without her attorney present although she was a minor, in violation of 8 C.F.R. § 1240.10(c). Zheng never objected to the pleadings before the IJ, nor did she raise any related argument before the BIA. Because she failed to exhaust this issue, we decline to consider it in the first instance. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–341 (2d Cir.2006)

Substantial evidence supports the IJ's adverse credibility finding. The agency's adverse credibility finding was appropriately based on (1) a discrepancy between Zheng's testimony and her parents' letter as to whether she was beaten in detention; (2) Zheng's submission of a notarial birth certificate that was issued during the time she was allegedly in detention, and her admission of her parents' probable motives in obtaining it; and (3) inconsistencies between her airport and credible fear interviews, testimony, and classmate's letter regarding whether and how often the authorities visited her following her release from detention. Because these inconsistencies go to the heart of her claim that she feared additional punishment for her suspected Falun Gong involvement, the agency reasonably denied her asylum and withholding claims on adverse credibility grounds. For this reason, it is unnecessary to determine whether the agency's alternative reason for denying relief—that she failed to meet her burden of proof, even assuming credibility—is sustainable. Finally, we deem Zheng's CAT claim waived because she fails meaningfully to discuss it in her brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).